IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. OBUMSELI and, | § | |
| CHIO OBUMSELI, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:12cv706 |
| | § | |
| CITIMORGAGE, INC. and | § | |
| CAL-WESTERN RECONVEYANCE | § | |
| CORPORATION, | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER ABATING PRETRIAL DEADLINES

Now before the Court is Defendant Citimortgage, Inc.'s Motion to Dismiss Plaintiffs' Original Complaint (Dkt. 11). As set forth below, the Court finds that the motion should be GRANTED and Plaintiffs' claims should be dismissed in their entirety.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed this suit in the 366th Judicial Court of Collin County, Texas on October 1, 2012 in apparent anticipation of the foreclosure on Plaintiffs' property located at 3803 Brantford Drive, Richardson, Texas 75082. *See* Dkt. 3. On November 8, 2012, Defendant Citimortgage removed the case to this Court.[1]

Plaintiffs originally sought only injunctive relief. Since removal, however, Plaintiffs have amended their complaint to assert the following causes of action against Defendants: (1) breach of

---

[1] Cal-Western had not been served with citation at the time of removal, and Cal-Western has not been served with citation since.

contract; (2) intentional infliction of emotional distress; and (3) deceptive trade practices. *See* Dkt. 8. Plaintiffs also seek exemplary damages and an award of attorneys' fees. *Id.*

Defendant Citimortgage has filed a motion to dismiss, seeking to dismiss Plaintiffs' claims. Defendant makes the following arguments: (1) Plaintiffs have failed to sufficiently state their breach of contract claim because they failed to identify the contract breached, fail to identify what actions by Defendants constitute breach, and fail to state the damages suffered; (2) Plaintiffs' intentional infliction of emotional distress claim lacks any factual support and should be barred by the economic loss rule; (3) Plaintiffs lack standing to assert any violation of the DTPA because they are not "consumers" under the statute; (4) any claim for attempted wrongful foreclosure is not cognizable as a matter of law and must be dismissed; and (5) even after repleading, Plaintiffs' complaint still fails to state any viable claims for relief. *See* Dkt. 11. Plaintiffs have filed a response in opposition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

The Court has reviewed the pleadings here and finds that Defendant's dismissal arguments are well-founded and that each stated cause of action should be dismissed, for the reasons set forth below.

### *Breach of Contract*

Defendant argues that Plaintiffs have not sufficiently pleaded a breach of contract claim. In order to establish a breach of contract claim, Plaintiffs must plead facts showing: (1) the existence of a valid contract; (2) performance or tender of performance by Plaintiffs; (3) breach by Defendants;

3

and (4) damages resulting from the breach. *Cadillac Bar West End Real Estate v. Landry's Restaurants, Inc.,* 2013 WL 1721954, 2 (Tex. App. – Dallas 2013, no pet.) (citing *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App. – Dallas 2008, no pet.).

Here, in support of their breach of contract claims, Plaintiffs allege that "Defendants failed to fulfill all conditions of the Contract" and that Defendants engaged in "false accounting practices." Dkt. 11 at ¶¶ 16 & 17. This is insufficient and does not go beyond mere "labels and conclusions" in pleading a breach of contract claim – it neither identifies the contract, the provisions breached, or the alleged false accounting practices. *Coleman v. Bank of America, N.A.*, 2011 WL 2516169, *1 (N.D. Tex. 2011) (citing *Case Corp. Inc. v. Hi-Class Bus. Sys. of Am.*, 184 S.W.3d 760, 769 – 70 (Tex. App. – Dallas 2005, pet. denied)) (dismissing breach of contract claim for failure to state a claim where "plaintiff points to no specific provision in the Deed of Trust that was breached by defendant"). Earlier in their complaint, however, Plaintiffs identify an attached "written foreclosure prevention tentative agreement" and argue that Defendants breached the agreement "by initiating a non-judicial foreclosure of Plaintiffs' residence." Dkt. 8 at ¶¶10 & 11. No agreement is attached to the amended complaint. Plaintiffs did attach to their state court pleading an Exhibit A which is a letter from Citimortgage regarding a potential modification. *See* Dkt. 3 at pages 11-13. To the extent this is the "written foreclosure prevention tentative agreement" referenced by Plaintiffs, it contains the following provision:

> "Please be aware that collection and/or foreclosure activity may continue until a foreclosure prevention treatment has been approved or completed, depending on the type of solution offered."

Dkt. 3 at page 12.

4

Even if this could be construed as a valid contract between the parties – which the Court does not find[2] – no breach is stated by the claim that Defendants initiated foreclosure proceedings. Plaintiffs also have not sufficiently stated facts to show how "[p]roper foreclosure process was not given, or if given, was waived after the agreement was accepted by the [P]laintiffs." *See* Dkt. 8 at ¶11; *see also Watson v. CitiMortgage, Inc.*, 2013 WL 2468035, 2 (5th Cir. 2013) ("Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose."). As such, the facts, even if true, do not raise a right to relief into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5. The breach of contract claim should be dismissed.

### *Intentional Infliction of Emotional Distress*

The Court next turns to Plaintiffs' intentional infliction of emotional distress claims. Defendant argues that Plaintiffs' claim lacks any factual support and should be barred by the economic loss doctrine. In alleging a claim of intentional infliction of emotional distress, Plaintiffs must allege facts demonstrating that: (1) Defendants acted intentionally or recklessly; (2) Defendants conduct was extreme and outrageous; (3) Defendants' actions caused emotional distress; and (4) the emotional distress was severe. *Kroger Texas Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 795-796 (Tex. 2006).

---

[2]*See* TEX. BUS. & COM. CODE § 26.02(a)(2) and (b) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law).

As noted above, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In their infliction of emotional distress claim, Plaintiffs have not stated what conduct was outrageous or how it caused them emotional harm. Instead, Plaintiffs state in a single paragraph that Defendants "intentionally, recklessly or negligently, inflicted emotional distress upon the Plaintiffs. Defendants' conducts [sic] were extreme and outrageous and proximately causes Plaintiffs severe emotional distress." Dkt. 8 at ¶20. The Court finds this to be nothing more than "a formulaic recitation of the elements of a cause of action," which is not enough to satisfy pleadings standards under the federal rules. *Twombly*, 550 U.S. at at 555.

Moreover, The Court finds that Plaintiffs have not sufficiently alleged any damages separate and apart from the parties' mortgage agreement such that the economic loss doctrine would not bar their claims. The economic loss doctrine has been applied consistently to bar claims for negligence and other tort claims when the parties' relationship and its attendant duties arise from a contract. *See Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and affirming dismissal of negligence claims based on breach of contractual duty); *see also Hugh Symons Group v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2002)) (a plaintiff generally "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."). Thus, "if the defendant's conduct ... would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claims may also sound in tort." *Southwestern Bell Tel. Co.,*

6

809 S.W.2d at 494. If, however, "the defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim sounds only in contract." *Id.*

Here, Plaintiffs have alleged that they suffered "damages." Dkts. 8 at ¶20. Plaintiffs' Prayer for Relief provides no greater specificity as to the damages incurred as a result of any alleged intentional infliction of emotional distress. Because no facts are stated to show how Plaintiffs' alleged injuries are "independent of the subject matter of the deed of trust or note" and the parties' relationship thereunder, the intentional infliction of emotional distress claim is also barred by the economic loss doctrine and should be dismissed. *See generally Narvaez v. Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

### *Deceptive Trade Practices*

As with their intentional infliction of emotional distress claims, Plaintiffs' claims under the DTPA are merely a recitation of the statutory elements of a DTPA claim and do not provide sufficient factual grounds to state a claim. *See* Dkt. 8 at ¶¶21-22. For this reason alone, Plaintiffs' DTPA claim should be dismissed. More importantly, however, even if the facts alleged in prior portions of their complaint could be cobbled together to state the deceptive acts alleged and the manner in which Plaintiffs relied – which the Court again does not specifically find – Plaintiffs have failed to allege a critical element of their DTPA claim.

To meet the DTPA standing requirement, a complaining party must plead and prove that he or she is a "consumer" as defined in the DTPA. TEX. BUS. & COM. CODE ANN. § 17.50(a); *Burnette*, 2010 WL 1026968, at *9 (citing *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.–San Antonio 1996, no writ)). To establish consumer status under the DTPA, a plaintiff must be "an

7

individual ... who seeks or acquires by purchase or lease, any goods or services ...." TEX. BUS. & COM. CODE § 17.45(4). Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App. – Austin 1996, no writ). However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA). Here, Plaintiffs have not stated they were consumers nor does Plaintiffs' complaint state facts sufficient to show they could be treated as consumers under the case law guiding this Court.

As to Defendant's argument regarding Plaintiffs' attempted wrongful foreclosure allegations, no such claim appears to have been raised by Plaintiffs and Plaintiffs do not address it in their response to the motion to dismiss. As such, the Court declines to address that dismissal argument, other than to say no facts have been sufficiently stated to support a wrongful foreclosure claim, especially since no foreclosure has been alleged. *See e.g., Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.) (to make a claim for wrongful foreclosure under Texas law, a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price)*; Marsh v. Wells Fargo Bank, N.A.*, 2011 WL 180031, 5 (N.D. Tex. 2011) ("Plaintiffs cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred.").

The Court notes that the claims against Defendant Cal-Western Reconveyance are subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m), the case having been on file for more than 120 days without service on Defendant, but finds such analysis is not needed as no facts have been stated that would state a plausible claim against Defendant Cal-Western. Because Plaintiffs have lodged their complaints here jointly against "Defendants" without any notable distinction between the allegations lodged against the two and for the same reasons set forth above, the Court finds that Plaintiffs' claims against Defendant Cal-Western Reconveyance Corporation should also be dismissed for failure to state a claim.

The Court notes that in their less than four-page response to the motion to dismiss, Plaintiffs request leave to amend. The request is denied. This case has been on file for more than seven months, Plaintiffs have amended their pleadings once, and Defendant's motion – identifying basic

9

facial deficiencies in the pleadings – has been on file for more than six months, without any amendments or attempted amendments by Plaintiffs to their pleadings. *See* FED. R. CIV. P. 15. The motion to dismiss is ripe for resolution on its merits, and the case should be dismissed in its entirety.

### RECOMMENDATION

Therefore, Defendant Citimortgage, Inc.'s Motion to Dismiss Plaintiffs' Original Complaint (Dkt. 11) should be GRANTED and all of Plaintiffs' claims in this case should be dismissed for failure to state a claim.

*Further, the deadlines set forth in the Court's May 6, 2013 Scheduling Order (Dkt. 17) are hereby ABATED pending the District Judge's consideration of this report and recommendations. Should the matter not be dismissed, the parties are directed to file an amended proposed scheduling order within ten (10) days of the District Judge's disposition of the motion to dismiss.*

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C). Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE